11-3307-ag
Majid v. Holder
BIA
Montante, Jr., IJ
A094 894 724

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Richard C. Lee United States Courthouse, 141 Church Street, in the City of New Haven, Connecticut, on the 25th day of May, two thousand twelve.

PRESENT:
>           DENNIS JACOBS,
>                 *Chief Judge,*
>           JON O. NEWMAN,
>           ROBERT D. SACK,
>                 *Circuit Judges.*

_____

ABDOOL RASHEED MAJID,
>           *Petitioner,*

>           v.                                    11-3307-ag
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:       Anne E. Doebler, Buffalo, NY.

FOR RESPONDENT:       Tony West, Assistant Attorney General;
                      Jennifer P. Levings, Senior Litigation
                      Counsel; Carmel A. Morgan, Trial

**Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Abdool Rasheed Majid, a native and citizen of Guyana, seeks review of a July 14, 2011, order of the BIA affirming the June 2, 2009, decision of Immigration Judge ("IJ") Phillip J. Montante, Jr., denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abdool Rasheed Majid,* No. A094 894 724 (B.I.A. July 14, 2011), *aff'g* No. No. A094 894 724 (Immig. Ct. Buffalo, NY June 2, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Majid does not raise any challenge to the agency's denial of CAT relief, we consider only its denial of asylum and withholding of removal.

## I.   Asylum

As a preliminary matter, this Court lacks jurisdiction to review the pretermission of his asylum application unless he raises a constitutional claim or question of law. *See* 8 U.S.C. §§ 1158(a)(3); 1252(a)(2)(D).  He fails to do so.

Majid argues that he did not apply for asylum based on his fear that he would be persecuted as a deportee because he did not believe that he was subject to removal.  However, he did not previously assert this basis for excusing his failure to timely file for asylum.  Because he bears the burden of establishing changed or extraordinary circumstances, *see* 8 U.S.C. § 1158(a)(2)(D)*, and failed to exhaust the issue before the agency, we decline to consider his argument. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007) (describing the issue exhaustion requirement as mandatory).  Furthermore, the IJ did not err by considering solely the period between the date of Majid's entry to the United States and the date he filed his asylum application in determining whether a material change in circumstances had occurred. *See* 8 U.S.C. § 1158(a)(2)(D), 8 C.F.R. § 1208.4(a)(4)(i)(A).  Because Majid failed to assert a reviewable question regarding the

3

IJ's pretermission of application, we lack jurisdiction to review that decision. *See* 8 U.S.C. § 1158(a)(2)(B), (3).

**II.  Withholding of Removal**

Majid argues that he is entitled to a presumption of future harm because he suffered past persecution at the hands of Afro-Guyanese men who, due to his Indian ancestry, burglarized him home, beat his father, and threatened to kill him and his family if he reported the incident.  To the contrary, the IJ reasonably found that the unfulfilled threats and harm to his relative alone did not rise to the level of persecution.  *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) (holding that harm must be sufficiently severe, rising above mere harassment, to constitute persecution)*; Gui Ci Pan v. U.S. Attorney Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (noting that courts have "rejected [persecution] claims involving 'unfulfilled' threats'").

The IJ also reasonably found that Majid failed to establish that his ethnicity or any other protected ground was "one central reason" the burglars targeted him.  Because the REAL ID Act applies to Majid's application, he is required to show that his race, religion, nationality,

4

political opinion, or particular social group is "one central reason" he is persecuted. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i); *Matter of C-T-L-,* 25 I. & N. Dec. 341, 344-46 (BIA 2010) (extending the "one central reason" standard to withholding of removal). However, the documentary evidence he submitted indicated that Indo-Guyanese individuals may have been targeted because of their perceived wealth, and Majid testified that he lived in a middle-class neighborhood and the burglars left once they received the money and jewelry they demanded.

Absent the presumption of future harm, an applicant can establish a well-founded fear of persecution by demonstrating either that: (1) he will be targeted individually; or (2) that a group to which he belongs is persecuted and that persecution is "'so systemic or pervasive as to amount to a pattern or practice of persecution.'" *See Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007) (quoting *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005)). Majid argues that he established a well-founded fear of future persecution on account of his ethnicity and, if he is removed, his status as a deportee. However, the 2008 State Department Human Rights Report did not report any societal abuses or discrimination against

Indo-Guyanese or deportees. Although several reports note incidents in which gangs murdered Indo-Guyanese individuals, those reports do not definitively state that those individuals were targeted due to their ethnicity. Moreover, the report Majid submitted about criminal deportees states that the government conducts surveillance on deportees who are a public safety risk, but does not indicate that gangs target deportees.

Furthermore, the BIA did not err in finding that Majid's fear of future persecution was undermined by the IJ's finding that Majid's mother remained in Guyana without incident after the burglary until her death apparently of natural causes **(see JA 193)** in 2008. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that claim of well-founded fear was diminished when asylum applicant's mother and daughters continued to live in applicant's native country).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

6

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk